# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS B. KROPP,<br><br>                              Petitioner,<br><br>v.<br><br>STATE OF WISCONSIN, BRAD D. SCHIMEL, and WARDEN BRIAN FOSTER,<br><br>                             Respondents. | Case No. 18-CV-668-JPS<br><br><br>**ORDER** |

On April 27, 2018, Petitioner Thomas B. Kropp ("Kropp") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

In March 2012, Kropp was charged with aggravated battery, in violation of Wis. Stat. § 940.19(5), in Milwaukee County Circuit Court Case No. 2012CF1246. The charge arose from a physical altercation between Kropp and his friend, W.R., who suffered severe injury at Kropp's hands. The jury found Kropp guilty of the charge and he was sentenced to ten years' imprisonment to be followed by five years of extended supervision.

The judgment of conviction was issued on April 19, 2013. Kropp filed a notice of intent to pursue post-conviction relief on April 26. The motion for post-conviction relief was not actually filed until May 29, 2014. In it, Kropp raised allegations of ineffective assistance of trial counsel. The motion was denied in the trial court on August 11, 2014 without a hearing pursuant to *State v. Machner*, 205 N.W.2d 905 (Wis. 1979). Kropp appealed, and the Wisconsin Court of Appeals summarily reversed on November 6, 2015, directing the trial court to hold a *Machner* hearing on Kropp's ineffective-assistance claims. *State v. Kropp*, 2014AP2070–CR, 2015 WL 13135147, at *2 (Wis. Ct. App. Nov. 6, 2015).

The trial court held the required hearing and again denied Kropp's motion for post-conviction relief. That decision was issued on April 28, 2016. Kropp appealed a second time. The Wisconsin Court of Appeals affirmed the denial of post-conviction relief in an order dated October 31, 2017. *State v. Kropp*, 905 N.W.2d 843, 2017 WL 5037002 (Wis. Ct. App. Oct. 31, 2017). The Wisconsin Supreme Court denied Kropp's petition for discretionary review on March 13, 2018. *State v. Kropp*, 380 Wis. 2d 351 (Wis. 2018).

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court

judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears the petition is timely. Kropp initiated his appeal and post-conviction proceedings soon after entry of the judgment of conviction. Those proceedings concluded on March 13, 2018. Kropp filed the instant petition just over a month later. At the time he filed his petition, Kropp's habeas clock had not even started to run again, since his 90-day period for seeking certiorari to the Supreme Court had not elapsed. Thus, the Court cannot say that the petition is plainly barred by the statute of limitations.

Next, the Court analyzes whether Kropp fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the

merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Kropp appears to have exhausted his remedies as to each of the two claims he raises in his petition. First, Kropp alleges that he received ineffective assistance of counsel because his trial lawyer did not review W.R.'s medical records, either herself or in collaboration with Kropp, and did not use them at trial to impeach W.R. (Docket #1 at 7). Kropp theorizes that the medical records could be used to impeach W.R. and undermine his account of their altercation because, as Kropp reads them, the records showed that W.R. was highly intoxicated at the time of the altercation, that he injured himself primarily because of a fall down some stairs and not Kropp's beating, and that W.R.'s injuries were not as severe as he claimed. *See id.* at 7–17. Kropp believes that proper review and use of the medical records would have led to his acquittal, conviction on a lesser offense, or a guilty plea. *Id.*

Second, Kropp asserts that his trial counsel was ineffective in her failure to communicate with him. *Id.* at 11–21. This allegation broadly encompasses counsel's failure to review W.R.'s medical records with Kropp, her failure to meet with him and share other discovery materials produced by the state, and her failure to communicate the state's plea offers to him. *Id.* He contends that proper communication would have given him information from which he would have decided to plead guilty rather than proceed to trial. *Id.*

It appears, at least at this early stage, that both of these claims have been exhausted. Both of his theories of ineffective assistance were advanced in the Wisconsin courts and rejected. *See Kropp*, 2017 WL

5037002, at *3–4. Thus, exhaustion of remedies does not appear to bar the present claims.[1]

The Court will now analyze whether Kropp has procedurally defaulted on either of his claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally,

---

[1] Kropp argues as a "third" ground for relief that the Wisconsin Court of Appeals denied him due process when it misconstrued and misinterpreted his trial counsel's testimony at the *Machner* hearing. (Docket #1 at 20). This is not a ground for relief separate from the two claims the Court has identified. Section 2254(d) permits a federal court to grant habeas relief if the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Kropp has identified the two legal questions he believes the state court got wrong: that his counsel should have reviewed and used W.R.'s medical records for impeachment, and that she should have communicated with him better. Those are questions normally answered under Section 2254(d)(1).

However, because Kropp also challenges the state court's view of the evidence, the Court must further determine whether the statements of fact underlying the state court's legal decisions were unreasonable in light of the evidence. That is the inquiry under Section 2254(d)(2)—or, perhaps more properly, under Section 2254(e)(1), which requires federal courts to presume the correctness of state court factual findings unless rebutted by clear and convincing evidence. *See id.* § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010); *Price v. Thurmer*, 637 F.3d 831, 837 (7th Cir. 2011).

The standard of review applicable to Kropp's factual challenge does not matter for purposes of screening. In either case, if this Court agrees with Kropp that the state court erred in its fact finding, Kropp is not automatically entitled to habeas relief. Rather, in that instance the Court would perform a *de novo* review of his ineffective assistance claims. *Carlson v. Jess*, 526 F.3d 1018, 1024 (7th Cir. 2008) ("Because the trial court based its decision on an unreasonable factual determination, the substantive merits of Carlson's claim are analyzed under the pre-AEDPA standard—that is, *de novo*—because there is no state court analysis to apply AEDPA standards to.") (citing *Conner v. McBride*, 375 F.3d 643, 655 n. 5 (7th Cir. 2004)). Thus, it is better to view Kropp's petition as raising two claims, each with a legal aspect and a factual aspect.

procedural default arises when the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Neither circumstance appears to have arisen in this case, and so the Court will not dismiss Kropp's claims at this time on the basis of procedural default.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Kropp's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of his claims, it does not plainly appear that they are frivolous.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1.	Within thirty (30) days of entry of this Order, Respondents shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.	If Respondents file an answer, then the parties should abide by the following briefing schedule:

   a.	Petitioner shall have sixty (60) days after the filing of Respondents' answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C.

§ 2248, unless he disputes allegations made by Respondents in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

  b. Respondents shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondents have filed a response brief.

3. If Respondents file a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondents' dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondents shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondents must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Petitioner shall submit all correspondence and case filings to

institution staff, who will scan and e-mail documents to the Court.[2] If Petitioner is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the Clerk of the Court, Petitioner need not mail to counsel for Respondents copies of documents submitted to the Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary.

---

[2]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondents, the reason for not accepting service for Respondents, and the last known address of Respondents. The Department of Justice will provide the pleadings to Respondents on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge