# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS B. KROPP,

                Petitioner,

v.

WARDEN BRIAN FOSTER,

                Respondent.

Case No. 18-CV-668-JPS

**ORDER**

**1.    INTRODUCTION**

In March 2012, Thomas Kropp ("Kropp") was charged with aggravated battery, in violation of Wis. Stat. § 940.19(5), in Milwaukee County Circuit Court Case No. 2012CF1246. The charge arose from a physical altercation between Kropp and his friend, W.R., who suffered severe injuries at Kropp's hands. The jury found Kropp guilty of the charge and he was sentenced to ten years' imprisonment to be followed by five years of extended supervision. Kropp filed a motion for post-conviction relief on May 29, 2014, raising allegations of ineffective assistance of trial counsel. After some procedural pitfalls, the trial court eventually held a post-conviction hearing and denied Kropp's motion for post-conviction relief on April 28, 2016. The Wisconsin Court of Appeals affirmed the denial on October 31, 2017, and the Wisconsin Supreme Court denied Kropp's petition for discretionary review on March 13, 2018. *State v. Kropp*, 2017 WL 5037002 (Wis. Ct. App. Oct. 31, 2017); *State v. Kropp*, 380 Wis. 2d 351 (Wis. 2018). On April 27, 2018, Kropp filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. (Docket #1). In accordance with the Court's briefing schedule, Kropp filed a brief in support of his petition on

July 30, 2018. (Docket #13). Respondent submitted his brief in opposition on October 31, 2018. (Docket #16). Kropp filed a reply on November 7, 2018. (Docket #17). For the reasons explained below, Kropp's petition will be denied.

2.   **BACKGROUND**

After his guilty verdict, Kropp employed new counsel to represent him at his *Machner* hearing, where the trial court developed the factual record as to his ineffective assistance of counsel claims and concluded that Kropp's trial counsel was constitutionally adequate. *See State v. Machner*, 92 Wis. 2d 797 (Wis. 1979); (Docket #9-15). Kropp then appealed his case to the Wisconsin Court of Appeals, where he claimed that his trial counsel provided ineffective assistance to him on the following grounds:

(1) failing to obtain, review, and impeach W.R. with medical records; and

(2) failing to communicate the strength of the government's evidence and convey plea deals. *Kropp*, 2017 WL 5037002, at *3.

The Wisconsin Court of Appeals rejected each asserted ground of ineffectiveness:

> Counsel testified at the *Machner* hearing that upon learning the medical records were available, she believed her officemate picked up the records for her. Counsel stated that she reviewed the records prior to trial, but did not think W.R.'s actual injuries were relevant to the defense.[1] She testified that W.R.'s injuries were undisputed and the focus of the defense was on how W.R. obtained those injuries. Moreover, on the first day of trial, counsel told the court that

---

[1]This excerpt demonstrates that, contrary to Kropp's assertions (Docket #13 at 19), the appellate court did not erroneously claim that trial counsel was "sure" that an officemate picked up the medical records, nor that she was certain of when, exactly, she reviewed them—only that she did acquire and review them before trial.

she and Kropp had discussed the timing of the State's disclosure of the medical records and that Kropp waived his right to require authentication of the records. Any claim by Kropp that counsel was ill-prepared with regard to the medical records is purely speculative and contrary to counsel's *Machner* testimony, which the postconviction court found credible. We are bound by the court's credibility findings. *See State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345 (The trial court "is the ultimate arbiter of the credibility of the witnesses and the weight to be given to each witness's testimony.").

As to Kropp's allegation that counsel failed to impeach W.R. with the medical records, we conclude that Kropp has not shown either that counsel performed deficiently or that the alleged deficiency prejudiced his defense. Kropp's argument is based on a very limited portion of the medical records. . .Kropp ignores the other portions of the medical record that clearly indicate that W.R. was treated for an "assault by an individual that [W.R.] knows" and that W.R. suffered from an "orbital fracture." Even if counsel had attempted to impeach W.R. with the medical records, the records themselves still would have supported the jury's verdict. Accordingly, Kropp cannot show that a different result was probable had counsel tried to impeach W.R. We therefore conclude that counsel did not render ineffective assistance in any regard as to W.R.'s medical records.

. . .

The postconviction court did not find Kropp's testimony [regarding counsel's allegedly poor communication] credible, but rather believed counsel's testimony that she reviewed the medical records prior to trial and that she discussed the records with Kropp "at length" prior to trial. According to counsel, Kropp refused to plead to anything other than a misdemeanor offense. The postconviction court also found credible counsel's testimony that she met with Kropp multiple times prior to trial, provided him with certain discovery, and reviewed the medical records and her trial strategy with Kropp. Again, we are bound by the postconviction court's credibility determinations. *See*

>   *Peppertree Resort Villas, Inc.*, 257 Wis. 2d 421, ¶19. Accordingly, we conclude that counsel was not ineffective with regard to the plea offers.

*Kropp*, 2017 WL 5037002, at *3–4. Kropp asserted the same grounds in his petition for review to the Wisconsin Supreme Court. (Docket #9-3).

Kropp's habeas petition initially presented three grounds for relief. (Docket #1 at 7–20). At the screening stage, the Court concluded that Kropp's third ground for relief, a due process challenge in light of trial counsel's *Machner* hearing testimony, was better analyzed as part of the ineffective assistance of counsel claims. (Docket #6). The Court therefore ordered briefing on the remaining two grounds. *Id*. Those grounds are: 1) ineffective assistance of trial counsel based on trial counsel's failure to obtain, review, and impeach W.R. with medical records; and 2) ineffective assistance of trial counsel based on trial counsel's failure to communicate to Kropp the strength of government's evidence against him and the government's various plea deals.[2]

## 3. LEGAL STANDARD

State criminal convictions are generally considered final. Review may be had in federal court only on limited grounds. To obtain habeas relief from a state conviction, 28 U.S.C. § 2254(d) (as amended by the

---

[2]Kropp also submitted a motion for evidentiary hearing, which consisted of a recitation of the portions of the medical records that he believes corroborate his version of events, and portions of the *Machner* hearing transcript that reflected perceived shortcomings in his trial counsel's approach. (Docket #12). The Court has thoroughly reviewed all transcripts and any submitted medical records, and concludes that an evidentiary hearing is not necessary. The relevant facts, namely the medical records and the testimony of his trial counsel, are undisputed. The only dispute is whether the Wisconsin Court of Appeals reasonably applied *Strickland*, and whether its conclusion was based on a reasonable determination of the facts, in light of the record. 28 U.S.C. § 2254(d)

Antiterrorism and Effective Death Penalty Act ("AEDPA")) requires the petitioner to show that the state court's decision on the merits of his constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or was based on an "unreasonable determination of the facts" in light of the evidence. 28 U.S.C. § 2254(d); *Brown v. Payton*, 544 U.S. 133, 141 (2005). The burden of proof rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The relevant decision for this Court to review is that of the last state court to rule on the merits of the petitioner's claim. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006). In Kropp's case, that would be the Wisconsin Court of Appeals' October 31, 2017 opinion.

A state-court decision runs contrary to clearly established Supreme Court precedent "if it applies a rule that contradicts the governing law set forth in [those] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." *Brown*, 544 U.S. at 141. Similarly, a state court unreasonably applies clearly established Supreme Court precedent when it applies that precedent to the facts in an objectively unreasonable manner. *Id.*; *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013).

The AEDPA undoubtedly mandates a deferential standard of review. The Supreme Court has "emphasized with rather unexpected vigor" the strict limits imposed by Congress on the authority of federal habeas courts to overturn state criminal convictions. *Price v. Thurmer*, 637 F.3d 831, 839 (7th Cir. 2011). It is not enough for the petitioner to prove the

state courts were wrong; he must also prove they acted unreasonably. *Harrington v. Richter*, 562 U.S. 86, 101 (2005); *Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014) ("An 'unreasonable application of' federal law means 'objectively unreasonable, not merely wrong; even 'clear error' will not suffice.'") (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)). This deferential standard applies with equal force to a state court's findings of fact. *Burt v. Titlow*, 751 U.S. 12, 18 (2013) (holding that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

Indeed, the habeas petitioner must demonstrate that the state court decision is "so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington*, 562 U.S. at 102). The state court decisions must "be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Hartjes v. Endicott*, 456 F.3d 786, 792 (7th Cir. 2006). As the Supreme Court has explained, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102. Indeed, Section 2254(d) stops just short of "imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *See id.* This is so because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102–103 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring)).

4. **ANALYSIS**

The Court will analyze Petitioner's two ineffective assistance of counsel claims together. The Court of Appeal's *Blake* opinion neatly

summarizes the standards applicable to Kropp's claims of ineffective assistance:

> A party asserting ineffective assistance of counsel bears the burden of establishing two elements: (1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 . . . (1984)[.]
>
> To satisfy the first element of the *Strickland* test, appellant must direct the Court to specific acts or omissions by his counsel. In that context, the Court considers whether in light of all the circumstances counsel's performance was outside the wide range of professionally competent assistance. The Court's assessment of counsel's performance is "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" [*Id.* at 689.]
>
> . . .
>
> To satisfy the second *Strickland* element, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome.

*Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013) (citations and quotations omitted). In an ineffective assistance of counsel suit premised on a failure to relay plea bargains, the appellant must show that "but for the ineffective advice of counsel," there was a reasonable probability (1) that he would have accepted the plea; (2) that "the prosecution would not have withdrawn it in light of intervening circumstances"; (3) that the Court would have accepted the plea and (4) that the conviction, sentence, or both would have been less severe than what was actually imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

The *Strickland* test, layered underneath the above-described standard of review, produces the following question for the Court to answer: whether the Wisconsin Court of Appeals' ruling on Kropp's claims represents an unreasonable application of the already extremely deferential *Strickland* standard. *Harrington*, 562 U.S. at 101. As *Blake* explains, claims of ineffective assistance are already assessed with deference to the defendant's counsel. Presenting such claims in the context of a habeas proceeding means that Kropp must not only prove that the Wisconsin Court of Appeals' analysis was wrong, but additionally that it was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103; *id.* at 105 ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so[.]") (citations and quotations omitted). To the extent Kropp seeks to show that the Wisconsin Court of Appeals' decision was based on an "unreasonable determination of the fact" under 28 U.S.C. 2254(d)(2), he must do more than merely show that the evidence is debatable. *Wood v. Allen*, 558 U.S. 290, 303 (2010). He most show that "the state court determined an underlying factual issue against the clear and convincing weight of the evidence." *Ben-Yisrayl v. Buss*, 540 F.3d 542, 549 (7th Cir. 2008). Additionally, in the context of a *Strickland* analysis, he must show that this unreasonable evidentiary finding resulted in prejudice. *Id.* at 550.

Kropp comes nowhere close to carrying this burden. In his first ineffective assistance of counsel claim, he asserts that his trial counsel failed to obtain, review, and impeach W.R. with the medical records, and as a result, he was found guilty of a greater felony. In determining whether trial counsel was effective, the Wisconsin Court of Appeals deferred to the

postconviction court's finding that trial counsel retrieved the medical records when they were available and reviewed them before trial. *Kropp*, 2017 WL 5037002, at *3. Kropp argues that there is circumstantial evidence (i.e., the lack of billing for discovery and the lack of a note stating when trial counsel reviewed the documents) to suggest that trial counsel may not have received the medical reports until right before trial. (Docket #9-14 at 47, 63). However, there is also evidence in the record that trial counsel discussed the medical records with Kropp "at length," and was ready for trial. (Docket #9-14 at 62, 73); *see also* (Docket #9-9 at 5-6) (wherein trial counsel stated, and Kropp confirmed after being questioned by the trial judge, that trial counsel spoke with him "prior to breaking for lunch" about the medical records, and that he waived their authentication). In light of this record, the Court cannot say that the Wisconsin Court of Appeals relied on an unreasonable finding of the facts, or that their analysis was "so lacking in justification" as to warrant a contrary result. *See Harrington*, 562 U.S. at 103.

Moreover, the Wisconsin Court of Appeals determined that the failure to impeach W.R. did not result in prejudice. Kropp's theory of the case is that a dresser fell on W.R., which caused most of the injuries (including the broken arm). (Docket #13 at 30). Then, he claims that W.R. angrily put Kropp into a chokehold, whereupon Kropp inflicted other injuries to W.R. out of self-defense. *Id.* Kropp argues that if trial counsel had impeached W.R. with his medical records, which stated "patient fell, left humeral neck fracture," then the jury would have found Kropp guilty of a lesser felony, because it would have found that Kropp did not intend to commit "great" bodily harm—only bodily harm. Kropp also points to other portions of the medical record that could have potentially impeached W.R.,

including his blood alcohol level and drug use. However, these same medical records also indicated that W.R. was treated for an "an assault by an individual that [he] knows," and received an "orbital fracture" in addition to a broken arm. *Kropp*, 2017 WL 5037002, at *4. This supports the jury's conclusion regarding an intent to cause "great" bodily harm. Nor is it obvious that "patient fell" necessarily supports Kropp's version of events, which involves a dresser and a chokehold. Based on the record before it, the Wisconsin Court of Appeals concluded that "[e]ven if counsel had attempted to impeach W.R. with the medical records, the records themselves still would have supported the jury's verdict. Accordingly, Kropp cannot show that a different result was probable. . ." *Id.* The Court cannot say that this was an unreasonable or erroneous application of *Strickland*, or that it was based on an unreasonable determination of the facts. *Harrington*, 562 U.S. at 100–01.

With regard to Kropp's second ineffective assistance claim, he asserts that trial counsel was ineffective when she failed to tell him that the government intended to use W.R.'s medical records at trial. Kropp also claims that she failed to communicate the government's plea deals to him (including one that was withdrawn in less than a week). He argues that he was prejudiced because if he had known about the government's evidence, he would have pled guilty to a lesser felony. However, the trial record shows that Kropp himself stipulated, before trial and while he understood that a plea deal was still "on the table," to authenticate the medical records for trial. (Docket 9-9 at 3–6). At his post-conviction hearing, he claimed that he only became aware of the records *after* he rejected the plea on the record, (Docket #9-14 at 83–84), which contradicts the pre-trial transcript, (Docket #9-9 at 3–6). Additionally, while one plea deal was viable until the jury

entered, the other plea deal was withdrawn after it was suspected that Kropp inappropriately contacted the victim—thereby making counsel's failure to quickly apprise Kropp of the plea non-prejudicial. *Lafler*, 566 U.S. at 164; *Kropp*, 2017 WL 5037002, at *4; (Docket #9-9 at 60). The record belies both trial counsel's failure to communicate viable plea deals to Kropp, and the reasonable probability that Kropp would have accepted a plea deal. *Id.* On this basis, and in light of the post-conviction court's credibility assessment of the parties, the Wisconsin Court of Appeals concluded that there was no ineffective assistance for failure to communicate and no indication of prejudice.

Kropp's briefs do not convince the Court that the Wisconsin Court of Appeals applied the *Strickland* standard unreasonably, or that the state court's decisions were based on an unreasonable determination of the facts. The court's opinion, quoted at length above, addressed Kropp's claims and drew conclusions based on the record before it. Kropp's briefing highlights his trial counsel's perceived shortcomings, and argues that she should have done things differently. Perhaps this is true, but, as the Wisconsin Court of Appeals explained, she was not ineffective. Further, before both the Wisconsin Court of Appeals and this Court, Kropp has failed to establish prejudice. Kropp's ineffective assistance claims are without merit.

5.  **CONCLUSION**

Kropp has not shown that the Wisconsin Court of Appeals unreasonably applied Supreme Court precedent in rejecting his claims of ineffective assistance of counsel. Kropp's petition must, therefore, be dismissed with prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Kropp must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, no reasonable jurists could debate whether Kropp's petition has merit. The Wisconsin Court of Appeals clearly and correctly applied controlling Supreme Court precedent to his exhausted claims.

Finally, the Court closes with some information about the actions that Kropp may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this

deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing (Docket #12) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Court